# Weil *v.* Townsend, Appellant.

*Actions—Misjoinder—Parties—Different rights—Executors and administrators.*

Separate demands, though arising from an entire indivisible contract to different persons, or to the same persons, in different rights, cannot be joined in the same action, without the consent of the parties bound.

An executor cannot in a single proceeding, combine his individual claim for rent as a devisee with a claim in his representative character for rent which had accrued during the lifetime of his devisor.

Argued May 10, 1904.   Appeal, No. 98, April T., 1904, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1901, No. 233, on verdict for plaintiff in case of Jacob Weil v. Charles C. Townsend and W. D. Tallon.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Replevin for goods seized under a distress warrant.   Before WILSON, P. J.

At the trial counsel for the defendant offered in evidence the landlord's warrant, to be followed by proof that this warrant was served.

The offer of the landlord's warrant is objected to by counsel for the plaintiff for the following reasons:

The paper offered purporting to be the landlord's warrant authorizing a distress of the plaintiff's goods and chattels for rent in arrears is signed by Charles C. Townsend, executor of the will of Juliet S. B. Townsend, deceased, and by Charles C. Townsend, tenant for life under the will of Juliet S. B. Townsend, de-

ceased, in his own right.    This was a misjoinder of two sepa-
rate and distinct actions and separate and distinct rights, the
first de bonis testatoris, the other de bonis propriis, one for
assets of the estate of Juliet S. B. Townsend, and one for rent
due the devisee of Juliet S. B. Townsend, which latter right
was acquired after the death of Juliet S. B. Townsend.    These
rights are incongruous and cannot be joined.    Such a mis-
joinder is bad in substance and the paper or warrant of distress
being improperly issued, and without authority of law, is im-
material, incompetent and irrelevant.

The Court: Possibly the ruling on this matter should be
held until later, until we hear all the facts.    The objection as
I understand it is that there was a distraint made by the ex-
ecutor and also as an individual, and the contention is that
there are two actions in one, and that as such the present ac-
tion is illegal.    The court is of opinion that this is a bringing
of two actions in one, which would be improper.    On the
ground that there are two actions in the landlord's warrant the
objection is sustained, and upon request of counsel a bill of
exception sealed to the defendant. [1]

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff.    Defendant appealed.

*Errors assigned* were (1) rulings on evidence quoting the bill
of exceptions; (4) in giving binding instructions for plaintiff.

*William B. Cuthbertson,* with him *Buchanan & Barnett,* for
appellant.—A landlord may bring a separate suit for each in-
stallment of rent as it accrues; he is only bound to bring his
suit for all the installments which have accrued at the time of
the bringing of his action: Stiles v. Himmelwright, 16 Pa.
Superior Ct. 649.

Where a contract is entire and not divisible, but one action
can be maintained thereon: Alcott v. Hugus, 105 Pa. 350;
Buck v. Wilson, 113 Pa. 423; Logan v. Caffrey, 30 Pa. 196;
Simes v. Zane, 24 Pa. 242; Carvill v. Garrigues, 5 Pa. 152.

Where there is a single cause of action the rule against join-
der of causes in different capacities does not apply, the ques-
tion being one of joinder of parties and not of joinder of causes:
Chatterton v. Chatterton, 32 N. Y. App. Div. 633 (53 N. Y.

Supp. 329); Budd v. Hardenbergh, 36 Misc. 90 (72 N. Y. Supp. 537); Fisher v. Hopkins, 4 Wyo. 379 (34 Pac. Repr. 899).

*D. A. Nelson,* for appellee.—The claim for rent in arrear prior to the death of Juliet B. Townsend, and the claim for the rent in arrear, falling due after her death, are separate and distinct claims, separate and distinct rights of action, incongruous, requiring different judgments, the first de bonis testatoris and the other de bonis propriis : Seip v. Drach, 14 Pa. 352 ; Bogle's Executors v. Kreitzer et al., 46 Pa. 465 ; Gunkle's Executors v. Bull, 13 S. & R. 441.

Separate rights of action cannot be joined : Strohecker v. Grant's Executors, 16 S. & R. 237.

OPINION BY SMITH, J., July 28, 1904:

Charles C. Townsend issued a landlord's warrant, as executor and as tenant for life, for rent during the ownership of his devisor and afterward of himself as devisee, and these separate demands were united as the ground of distress. To this the tenant, the plaintiff here, objected on the ground that the claims could not be thus joined without his consent, and alleged such joinder to be to his injury, and this contention was sustained by the court. The indebtedness to each person and the undivided demand is clearly set forth in the warrant and raises the important question in the case.

It is fundamental law that obligations arising from an entire indivisible contract, to different persons, or to the same persons in different rights, cannot be joined in the same action, without the consent of the parties bound. It has long been settled that a misjoinder of actions, such as we find in the present case, is matter of substance and fatal to the proceeding. Such claims call for separate actions and require different judgments ; one de bonis testatoris, the other de bonis propriis. This principle of law is essential in practice, and affords a safe guide in the determination of rights and remedies, while its disregard leads to confusion and often to injustice. An executor is not answerable, in his representative capacity, for any cause of action not created by the decedent himself, and on like principle he cannot recover in his own right for a cause ac-

cruing to the decedent.    His individual claim must be grounded
on his individual right; he cannot, in a single .proceeding,
combine such claim with a claim in his representative char-
acter.

The rulings of the learned judge are supported on principle
and authority, and the judgment is affirmed.